UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| DANIEL MICHALSKI, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MIB GROUP, INC., MIB, LLC and FIDELITY SECURITY LIFE INSURANCE COMPANY,<br><br>Defendants. | C.A. No. 1:24-cv-10227-DJC |

# FIDELITY SECURITY LIFE INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR JUDGMENT OF DISMISSAL ON THE PLEADINGS

## INTRODUCTION

Pursuant to Fed. Rule Civ P. 12(b)(1) and 12 (c), Defendant Fidelity Security Life Insurance Company ("FSLI") moves for an order granting judgment on the pleadings as to the Plaintiff's single claim against FSLI. The Plaintiff lacks standing, this Court lacks jurisdiction, and the Complaint fails to state a viable claim against FSLI under the Fair Credit Reporting Act.

## PROCEDURAL AND FACTUAL ALLEGATIONS

1. On January 29, 2024, the Plaintiff filed his Class Action Complaint with Trial by Jury Demand (the "Complaint") containing one count against FSLI for "negligently and wilfully failing to conduct reasonable reinvestigation following receipt of a notice of a consumer's dispute of information Fidelity supplied from MIB or other CRA." *See* Complaint, Count 4, ¶¶ 87-88, Doc. 3. FSLI filed its Answer on March 27, 2024. Doc. 18. FSLI now files this motion for

1

3897747_1

judgment on the pleadings as to Count 4 of Plaintiff's Complaint which is the only claim asserted against FSLI.

2. Plaintiff's claims arise from consumer reporting provided to a prospective insurer and a consumer file disclosure provided to Plaintiff by co-defendant MIB Group, Inc. ("MIB") (a data repository) pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681 *et seq.*

3. Plaintiff disputes the accuracy of some of the reported information, specifically, medical conditions he claims that he never had. Doc. 3 at ¶¶ 54, 58.

4. Plaintiff alleges that his application for insurance to FSLI was denied "in part" and his application for insurance through a non-party, Foresters, was denied "in whole or in part" due to the reporting of MIB. Doc. 3 at ¶¶ 50, 55.

5. On or about May 16, 2023, Plaintiff sent MIB a letter disputing certain information in the disclosure, which Plaintiff alleges MIB sent to FSLI. Doc. 3 at ¶ 62.

6. On or about May 30, 2023, FSLI sent Plaintiff a letter indicating that, following its investigation, it would not be making changes to his file. Doc. 3 at ¶ 65; *see also* May 30, 2023 Notice Letter, attached hereto as Exhibit A.

7. Dissatisfied with FSLI's reinvestigation, Plaintiff alleges that FSLI is liable to him under Sections 1681(n) (civil liability for willful noncompliance) and 1681(o) (civil liability for negligent noncompliance) of the FCRA for violating Section 1681s-2(b) for failing to conduct a reasonable reinvestigation upon receiving his dispute letter (Count IV).

8. Plaintiff alleges that, as a result of these violations, he has "suffered damages in the form of: (a) loss of insurance opportunity; (b) harm to reputation; (c) emotional distress; and (d) denial of statutorily-mandated information." Doc. 3 at ¶¶ 70-71.

# STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) permits that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c); *see also Gulf Coast Bank & Trust Co. v. Reder*, 355 F.3d 35, 37-38 (1st Cir. 2004). "[T]he fate of such a motion will depend upon whether the pleadings, taken as a whole, reveal any potential dispute about one or more of the material facts." *Reder*, 355 F.3d at 38, citing *Feliciano v. Rhode Island*, 160 F.3d 780, 788 (1st Cir. 1998). Judgment on the pleadings must be entered if "it appears beyond a doubt that the nonmoving party can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Feliciano*, 160 F.3d at 788.

In its review, the court "accept[s] as true all well-pled facts alleged in the complaint and draw[s] all reasonable inferences in [the plaintiffs'] favor." *Evergreen Partnering Grp., Inc. v. Pactive Corp.*, 720 F.3d 33, 36 (1st Cir. 2013). This "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." *United States v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992). Rule 12(c) permits a judgment of dismissal based on the pleadings alone. *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993), cert. denied, 520 U.S. 1228 (1997).

# ARGUMENT

## I.  PLAINTIFF LACKS STANDING AND THE COURT LACKS JURISDICTION

The Complaint must be dismissed because Plaintiff lacks standing and the court lacks subject matter jurisdiction, where Plaintiff has not pled a concrete harm. The "irreducible constitutional minimum" for standing to sue requires injury in fact, a causal connection between the injury and the conduct complained of, and a likelihood that the injury would be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). An

injury in fact must be "actual or imminent, not conjectural or hypothetical." *Id.* at 560 (citation and internal quotation marks omitted). The injury that supports standing must be "actual or imminent." *See id.* at 564 n.2. That is the injury must be "certainly impending" or if there is at least a "substantial risk that harm will occur." *See Reddy v. Foster*, 845 F.3d 493, 500-505 (1st Cir. 2017).

Plaintiff has the burden to establish his injury. *Id.* at 561. This burden requires Plaintiff to "establish[] sufficient factual matter to plausibly demonstrate [its] standing to bring the action," *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 731 (1st Cir. 2016), with respect to each claim and each demand for relief. "Neither conclusory assertions nor unfounded speculation can supply the necessary heft." *Id.*

Even where a statute affords a right to sue for a technical or procedural violation of that statute, a party must still show that the violation caused or presented a material risk of actual, concrete harm in order to have standing. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). *See also Amrhein v. eClinicalWorks, LLC*, 954 F.3d 328, 331 (1st Cir. 2020). Plaintiff has failed to do so in his Complaint. He cannot establish any injury caused by the alleged wrong committed by FSLI. Even if loss of an insurance opportunity were a recognized harm, FSLI's alleged failure to conduct a reasonable reinvestigation occurred *after* his alleged application was denied, and therefore cannot be the cause. *See Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603 (7th Cir. 2005). Additionally, neither his emotional distress nor his reputational harm claims constitute concrete standing sufficient to afford Plaintiff standing. In further support, FSLI joins MIB's standing argument in MIB's Motion for Judgment of Dismissal on the Pleadings at pages 4 to 7.

## II. PLAINTIFF'S BARE ASSERTION THAT FSLI FAILED TO CONDUCT A REASONABLE REINVESTIGATION IS INSUFFICIENT AND CONTRADICTED BY DOCUMENTS REFERRED TO IN THE COMPLAINT

In reviewing whether the allegations of a complaint state a claim upon which relief can be granted, the court "must [1] perform a close reading of the claim to distinguish the factual allegations from the conclusory legal allegations" and "[2] determine whether the factual allegations present a 'reasonable inference that the defendant is liable for the conduct alleged.'" *Logan v. Bank of America*, C.A. No. 19-cv-11483, 2020 U.S. Dist. LEXIS 45006, at *1 (D. Mass. Mar. 16, 2020) (quoting *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"In reviewing a motion under Rule 12(c), as in reviewing a Rule 12(b)(6) motion, [the court] may consider 'documents the authenticity of which are not disputed by the parties; . . . documents central to plaintiffs' claim; [and] documents sufficiently referred to in the complaint.' *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (under Rule 12(b)(6)). This is true even when the documents are incorporated into the movant's pleadings. *Beddall v. State Street Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998) ('When, as now, a complaint's factual allegations are expressly linked to -- and admittedly dependent upon -- a document [offered by the movant] (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it . . . .')." *Curran v. Cousins*, 509 F.3d 36, 44 (1st Cir. 2007). (citing *Fudge v. Penthouse Int'l, Ltd.*, 840 F.2d 1012, 1015 (1st Cir. 1988).

To state a claim under 15 U.S.C. § 1681s-2(b) for failure to reinvestigate, a plaintiff must "'assert sufficient facts to allow the court to find it plausible' that (1) the information in the 'credit report [i]s inaccurate'; (2) the dispute 'was reported to the CRA'; (3) the CRA reported the dispute to the furnisher; (4) the furnisher 'failed to investigate and correct the inaccuracy'; and (5) the failure to investigate caused plaintiff to suffer an injury." *Hopkinson v. Equifax Info. Servs. LLC*, C.A. No. 19-cv-12290, 2021 U.S. Dist. LEXIS 30795, at *8-*9 (D. Mass. Feb. 19, 2021) (quoting *Camacho v. J.P. Morgan Chase*, C.A. No. 14-30042, 2015 U.S. Dist. LEXIS 81251, at *4 (D. Mass. June 23, 2015)). Plaintiff fails to plausibly allege a claim under § 1681s-2(b) because he has not alleged sufficient facts to establish that FSLI failed to reinvestigate his disputed accuracy claims or that the alleged failure to reinvestigate caused him an injury.

### A. The Complaint Fails to Support a Claim that FSLI Failed to Conduct a Reasonable Reinvestigation

Plaintiff fails to assert sufficient facts in his Complaint to allow this Court to find it plausible that FSLI failed to reinvestigate his disputed information. In support of this claim, Plaintiff alleges: "[FSLI] received MIB's notice of dispute, but failed to conduct a reasonable reinvestigation of Plaintiff's dispute. Upon information and belief, [FSLI] failed to conduct any independent investigation into the accuracy of the purported medical record, including but not limited to contacting any medical professional or service provider." Doc. 3 ¶ 64. There are no further facts to support Plaintiff's allegation that FSLI failed to conduct a reasonable investigation beyond this conclusory assumption. Such naked assertions are insufficient. *See Iqbal*, 556 U.S. 678. In the next paragraph, Plaintiff goes on to say "Instead, on or about May 30, 2023, [FSLI] sent Plaintiff a letter confirming that it would not make any changes to its reporting" based on FSLI's reinvestigation of Plaintiff's complaint about inaccurate information.

Doc. 3 ¶ 65.  The May 30, 2023 Notice Letter referred to by Plaintiff in Paragraph 65 is attached hereto as <u>Exhibit A</u>.

Indeed, in that letter dated May 30, 2023, FSLI informs Plaintiff that it "**reviewed [his] request for reinvestigation**" and that it had "**carefully reviewed the third-party data**," finding that "no correction, amendment, or deletion" was necessary. *Id.*  The letter further points Plaintiff to obtain a report from the third-party that provided the information, establishing that FSLI had also investigated as to the source of the information. *Id.*  This Court need not accept Plaintiff's unsupported hunch that no reasonable investigation was conducted where it is contradicted by the very document that he claims FSLI issued "instead."  *See O'Brien v. Wilmington Trust N.A.*, 506 F. Supp. 3d 82, 90 (D. Mass. 2020) (where documents that may be considered as sufficiently referred to in the complaint contradict an allegation in the complaint, the document trumps the allegation).  Even taking the allegations together with reasonable inferences, the Plaintiff has failed to "assert sufficient facts to allow the court to find it plausible" that FSLI failed to reinvestigate and correct an inaccuracy.

Two cases in which this Court found allegations sufficient to state a claim under § 1681s-2(b) offer further illustration by distinction.  In *Hopkinson v. Equifax Info. Servs., LLC*, C.A. No. 19-cv-12290, 2021 U.S. Dist. LEXIS 30795 (D. Mass. Feb 19, 2021), the plaintiff brought an action against multiple parties for, inter alia, violation of the FCRA, claiming that his ex-wife had taken out student loans for their daughter using his identity and without his knowledge.  The plaintiff in that case sent dispute letters to the defendants in 2018 and again in 2019. *Id.* at *4.  Among other things, he alleged that Great Lakes Education Loan Services, Inc. ("Great Lakes") failed to investigate his dispute as to the validity of the student loan debt present on his report following his second notice of dispute to the consumer reporting agencies. *Id.* at *1.  Great

7

Lakes moved to dismiss the claim against it for failure to state a claim, but the court determined that at the pleadings stage, the plaintiff had put forth sufficient allegations. *Id.* at 10-*11. In contrast to the present matter, the plaintiff in *Hopkinson* provided specific facts to plausibly suggest that Great Lakes had failed to investigate. His complaint alleged that following his second dispute letter in 2019, he received a response from Great Lakes "stating that in May of 2018 it concluded [Plaintiff] was responsible for the account." *Id.* at *5. From this specific allegation, a plausible inference is that Great Lakes had not investigated the 2019 dispute at all. Indeed, Great Lakes appeared to concede that it had not done so, and instead argued that it could reasonably rely on its first investigation from 2018. *Id.* at *10. Here, as apparent from the letter Plaintiff cites in the Complaint, he received notice from FSLI that it *did* conduct a reinvestigation, and nothing in the Complaint supports an alternative inference.

In *Logan v. Bank of America N.A.*, C.A. No. 19-cv-11483, 2020 U.S. Dist. LEXIS 45006, at *10 (D. Mass. Mar. 16, 2020), the plaintiff argued that Bank of America failed to conduct a reasonable investigation into the status of her mortgage and continued to report misleading information regarding her credit status. The plaintiff successfully stated a claim under § 1681s-2(b) where she alleged that she had received a discharge notice regarding her mortgage with Bank of America, and even if her debt remained, Bank of America continued to report a "mortgage" and "real estate" account with an overdue balance, and falsely stated that the debt was subject to foreclosure. *Id.* at *12. Importantly, given that the debt being reported originated with Bank of America and an account the plaintiff held there, the necessary implication from the plaintiff's allegations, if taken as true, is that had Bank of America done a reasonable investigation, it would have discovered that the information as it reported it was false or misleading. Here, the information that Plaintiff disputes is not derivative of a relationship or

8

account he holds with FSLI, nor is FSLI the original source of the information. Given the limited information provided to FSLI by MIB and from Plaintiff, the Complaint fails to support an inference that FSLI did not reinvestigate. *See Sullivan v. Experian Info. Solutions*, C.A. No. 16-cv-11719, 2019 U.S. Dist. LEXIS 233999, at *13-*14 (D. Mass. July 2, 2019) ("Plaintiff must demonstrate 'some causal relationship between' the furnisher's 'allegedly unreasonable investigation and the failure to discover inaccuracies in his account'"). Accordingly, the claims against FSLI fail and must be dismissed.

      i.      <u>FSLI's Investigation was Reasonable as a Matter of Law.</u>

Although Plaintiff has failed to meet the threshold pleading requirement to plausibly assert that FSLI "failed to investigate and correct the inaccuracy," *Hopkinson*, 2021 U.S. Dist. LEXIS 30795, at *8, should the Court reach the question of whether FSLI's investigation was reasonable, the Complaint has not, and can not, establish that the investigation was objectively unreasonable. "Under the FCRA, an investigation by a furnisher must be reasonable." *Id.* at *9. It is Plaintiff's burden to show the investigation was unreasonable. *See Chiang v. Verizon New England*, 595 F.3d 26, 37 (1st Cir. 2010). It bears noting that almost all cases decided under this section of the FCRA relate to consumer credit reports—not a consumer's medical records—which is less likely to be incorrect and more difficult to verify. *See Olwell v. Medical Info. Bureau*, Civil No. 01-1481, 2003 U.S. Dist. LEXIS 442, at *17 (D. Minn. Jan. 7, 2023). Further, in the Massachusetts cases where a failure to investigate claim survived against a furnisher, the furnisher was the originating source of the disputed information. *See, e.g.*, *Hopkinson*, 2021 U.S. Dist. LEXIS 30795 (disputed information was details of loan with furnisher institution); *Logan*, 2020 U.S. Dist. LEXIS 45006 (disputed information was details of mortgage and line of credit with furnisher bank); *Austin v. Pawtucket Credit Union*, C.A. No. 18-10699, 2019 U.S. Dist.

9

LEXIS 145958 (D. Mass. May 17, 2019) (disputed information was car loan previously held with furnisher credit union); *Camacho*, 2015 U.S. Dist. LEXIS 81251 (disputed charges on a credit card held with furnisher bank).[1]

In the only case remotely similar to FSLI where a life insurance company was held liable as a furnisher for its failure to investigate, the information that the plaintiff disputed was the result from a urine test that the plaintiff took *for the purpose of applying to that insurance company*. *Olwell*, 2003 U.S. Dist. LEXIS 442, at *2. By contrast, here, as FSLI informed the Plaintiff in the letter it mailed him, FSLI obtained the information that the Plaintiff disputed from non-party Milliman Intelliscript.[2] See Doc. 3 ¶ 48 ("[FSLI] obtained additional information purportedly concerning Plaintiff's medical history"). FSLI had and would have no knowledge of the prescriptions and/or the medical providers that the information he disputes derived from. In *Olwell*, the disputed information would not have reached anyone outside of the life insurance company if the life insurance company had not reported it to the CRA. That is not the case here. Even if FSLI conducted whatever investigation Plaintiff alleges was not done, that investigation led to the discovery that the information was inaccurate, and FSLI reported that inaccuracy to MIB as the statute requires it to do, the information would continue to be reported by Milliman. It is objectively reasonable for FSLI to confirm the information disputed with its source, a source whose accuracy it has no reason to doubt, and inform Plaintiff of the results.

As a matter of policy, it would be an insurmountable burden to require a life insurance company to contact all of Plaintiff's medical providers from the course of his lifetime to fish for

---

[1] The case *Barrepski v. Capital One Bank*, 429 Fed. Appx. 11, 14 (1st Cir. 2011), is less informative where Capital One apparently only argued that it had 30 days to investigate. Nonetheless, there Capital One, the furnisher, was the holder of the disputed debt.

[2] Plaintiff was also notified of this in his denial letter: "Our decision was based on your medical and prescription history obtained in a report from Milliman." *See* Exhibit A.

information in order to confirm or deny the diagnostic information he disputes—information that was prepared by a third-party provider that FSLI has no control over.³ Plaintiff has alleged no facts to explain why a medical provider would willingly share that information with a small life insurance company out of Missouri at the risk of, at minimum, violating Federal law. *See* 42 U.S. Code § 1320d-2 et seq (requiring confidentiality of individuals' medical records and other individually identifiable health information). This circumstance is substantially and meaningfully unlike requiring a furnisher of credit information to investigate and correct its internal records, a distinction that calls into doubt whether FSLI is an entity at which a § 1681s2-b claim should be directed. That doubt is further fueled by the complete lack of authority holding a life insurer liable as a furnisher under these circumstances.

        ii.        Plaintiff has Not Alleged that a Failure by FSLI to Reinvestigate Caused him to Suffer Injury

Even if Plaintiff had otherwise stated a claim, he fails to allege facts to support a claim that a failure by FSLI to reinvestigate, which it did, caused him harm. Plaintiff alleges that his harms are "loss of an insurance opportunity," "emotional distress," and "reputational harm." See Doc. 3, ¶ 71. None of these claimed damages can be connected to FSLI's alleged failure to reinvestigate.

Even if the loss of an insurance opportunity were an actual recognized harm, the Complaint is completely devoid of allegations that FSLI did anything that caused that harm. The only allegation against FSLI made by the Plaintiff is that it failed to conduct a reasonable reinvestigation of his disputed information. See Doc. 3, Count IV. The denial of Plaintiff's life

---

³ It should be noted that the law firm representing Plaintiff in this matter also represents a class of plaintiffs in a preexisting Federal action pending in the Washington Western District Court against that third-party provider. *See Healy v. Milliman, Inc.*, Case No. 2:20-cv-01473, U.S. District Court for the Western District of Washington (2020). That suit contains nearly identical allegations to those in this matter. *See id.*

11

insurance application with FSLI had nothing to do with any alleged *subsequent* failure to reinvestigate. Likewise, the only other life insurance application referenced in the Complaint is Plaintiff's application with the Independent Order of Foresters ("Foresters"), "on or about April 15, 2023." Doc. 3 ¶ 52-53. Plaintiff alleges this application was denied "based in whole or in part on MIB's inaccurate reporting." Doc. 3 ¶ 55. Notwithstanding the fact that this allegation does not name FSLI and that Plaintiff has not alleged sufficient facts to establish actual cause, Plaintiff sent his notice of dispute to MIB, who shared it with FSLI, on May 16, 2023. Doc. 3 ¶ 62. Logic requires the conclusion that any failure to reinvestigate by FSLI in May 2023 could not have caused the denial of Plaintiff's application with Foresters a month earlier. *See Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603 (7th Cir. 2005) (no connection between claim and damages where alleged FCRA violation could not have caused the prior loss of credit).

As for Plaintiff's allegation of emotional distress, the conclusory statement that Plaintiff suffered damages in the form of emotional distress is insufficient to support a claim. *See McIntyre v. Rentgrow, Inc.*, C.A. No. 18-cv-12141, 2021 U.S. Dist. LEXIS 157939 (D. Mass. July 22, 2021) (plaintiff claiming emotional distress from FCRA violation must "explain [his] injury in reasonable detail and not rely on conclusory statements").

Plaintiff likewise fails to allege any facts to support his conclusory statement that he suffered reputational harm, nor any facts to connect that reputational harm to FSLI. Cf. *Meuse v. Nat'l P.I. Servs., LLC*, C.A. No. 21-cv-11533, 2022 U.S. Dist. LEXIS 119572, at *7 (D. Mass. July 7, 2022) (plaintiff claimed cognizable reputational harm injury where he alleged defendant's acts that harmed reputation led to loss of a job). A denial of an application for life insurance based on the applicant's confidential medical information from a third-party provider is

12

markedly different from an applicant's credit report. Even if the reputational harm claim were sufficient, it also fails for lack of causation. Nowhere in the Complaint does Plaintiff allege that FSLI reported the disputed information to any CRA after its investigation or reinvestigation. As such, the alleged failure to conduct a reasonable reinvestigation cannot have caused and reputational harm to Plaintiff and his claims against FSLI are insufficient.

## CONCLUSION

For the foregoing reasons, the Complaint fails to state a claim against FSLI for violation of § 1681s-2(b) and the claim against FSLI must be dismissed under Rule 12(b) and 12(c).

Respectfully submitted,

FIDELITY SECURITY LIFE INSURANCE COMPANY,

*/s/ Michael F. Connolly*
Michael F. Connolly, BBO #551273
Melissa E. King, BBO #712163
Rubin and Rudman LLP
53 State Street, 15th Floor
Boston, MA 02109
617-330-7101
mconnolly@rubinrudman.com
mking@rubinrudman.com

Dated: July 2, 2024

## CERTIFICATE OF SERVICE

  I, Michael F. Connolly, hereby certify that on July 2, 2024 a true and correct copy of the foregoing Answer to Plaintiff's Complaint was served through the ECF system on those persons registered to receive notice thereunder.

                */s/ Michael F. Connolly*
                Michael F. Connolly